JP:WDS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA

    - against -

WAJEEH ISLEEM,

           Defendant.

- - - - - - - - - - - - - - - - -X

11- 60M

**M-11-060**

REMOVAL TO THE MIDDLE
DISTRICT OF PENNSYLVANIA

(Fed. R. Crim. P. 5(c))

EASTERN DISTRICT OF NEW YORK, SS:

        ELIZABETH GODDARD, being duly sworn, deposes and says
that she is a Special Agent of the Bureau of Alcohol, Tobacco,
Firearms and Explosives ("ATF"), duly appointed according to law
and acting as such.

        Upon information and belief, on May 23, 2010, an arrest
warrant was issued by the United States District Court for the
Middle District of Pennsylvania, commanding the arrest of the
defendant WAJEEH ISLEEM pursuant to an indictment charging the
defendant, among others, with trafficking in contraband
cigarettes, contrary to Title 18, United States Code, Section
2342.

        The source of your deponent's information and the
grounds for her belief are as follows:

        1.    On May 23, 2010, an arrest warrant was issued by
the United States District Court for the Middle District of
Pennsylvania, commanding the arrest of WAJEEH ISLEEM pursuant to
an indictment charging the defendant, among others, with

trafficking in contraband cigarettes, contrary to Title 18, United States Code, Section 2342.  A copy of the indictment and arrest warrant are attached hereto.

      2.    On January 19, 2011, Special Agents of the Drug Enforcement Administration ("DEA"), were conducting surveillance near the intersection of Astoria Boulevard and 83rd Street in Queens, New York, when they observed an individual, later identified as the defendant WAJEEH ISLEEM, behaving in a suspicious manner, pacing back and forth and nervously looking around.  The DEA Agents then observed a white Honda Odyssey, New York license plate EAC-1489, pull into a parking lot near where the defendant was waiting.  The defendant then entered the passenger side of the vehicle, and DEA Agents observed the defendant speaking with the driver and looking over the contents of the back of the vehicle.  The driver then got out of the vehicle and left the area, and the defendant walked around to the driver's side of the vehicle and drove away.  DEA Agents followed the vehicle and meanwhile checked the license plate for outstanding warrants.  The DEA Agents determined that the vehicle was registered to the defendant and learned of the outstanding warrant for the defendant's arrest from the Middle District of Pennsylvania.  The DEA Agents then pulled the car over, and the defendant identified himself as WAJEEH ISLEEM, producing a New York State driver's license with the same name.  The defendant was placed under arrest.

3

3.    I have compared a photograph and pedigree information provided by ATF Agents in the Middle District of Pennsylvania and determined that the defendant was the individual sought by the Middle District of Pennsylvania.  Specifically, upon his arrest, the defendant gave the same name, date of birth and Social Security number as those associated with the arrest warrant.

WHEREFORE, it is requested that the defendant WAJEEH ISLEEM be removed to the Middle District of Pennsylvania so that he may be dealt with according to law.

Elizabeth Goddard
Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Sworn to before me this
20th day of January, 2011

DGE
K

AO 442 (Rev. 01/09) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

MIDDLE   District of   PENNSYLVANIA

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| WAJEEH ISLEEM | ) |
| _____ | ) |
| *Defendant* | ) |

Case No.  3:10-CR-89

## ARREST WARRANT

To:     Any authorized law enforcement officer

        **YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*     WAJEEH ISLEEM _____ ,
who is accused of an offense or violation based on the following document filed with the court:

☒ Indictment          ☐ Superseding Indictment          ☐ Information          ☐ Superseding Information          ☐ Complaint
☐ Probation Violation Petition          ☐ Supervised Release Violation Petition          ☐ Violation Notice          ☐ Order of the Court

This offense is briefly described as follows:

TRAFFICKING IN CONTRABAND CIGARETTES;
CRIMINAL FORFEITURE

Date:    Mar 23, 2010 _____

*Issuing officer's signature*

City and state:   SCRANTON, PA _____

CHRISTINE LAVELLE, DEPUTY CLERK
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____     *Arresting officer's signature* |
| *Printed name and title* |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :    CRIMINAL NO. 3: 10 CR 89

         v.           :     (Judge         )

ALI ABADI,                 :
MUTI AHMED ABDO-GUNID,    :
WALEED ABDULLAH,         :
IBRAHIM AHMAD,           :
MOHAMED AHMED,          :
MANSSOR ALBAHRI,         :
AHMAD A. ALDABESHEH,     :
AMMAR ALKAMEL,           :
ALEXANDER ALOMARI,       :
KHALID ALSHARI,          :
IBRAHIM ALTHNAIBAT        :
ZIYAD AWADALLAH,         :
RONALD E. BELL,          :
MOHAMED BENKHIYAR,       :
MOUSSA DIARRA,           :
MOHAMED O. ELMOCTAR,     :
ADIB ELROWMEIM,          :
RONALD EVERETT,          :
ANDRE FORD,              :
HAFID HAMOOD HAFEED,     :
MARK HAJDARI,           :
SADDECK HUSSEIN,         :
WAJEEH E. ISLEEM,        :
JOHN DOE A/K/A "ADAMA KANTE",  
    A/K/A "ALI",            :
ALOU KEITA,              :
OPHELIA KEMP,           :
FIKRI Y. NAGI,           :
MOHAMED LEMINE OULD SIDI,   :
JOSE A. OVALLES,         :
ABDO QUSHI,              :
VERNON REESE,           :
NORMAN A. SAIF,          :
MOHAMED O. SALICK,       :
REGINALD VALTRIN,        :
RI Q. WU, and            :
XINSEN WU,              :
            Defendants :

FILED
SCRANTON

MAR 23 2010

PER _____
DEPUTY CLERK

<u>INDICTMENT</u>

THE GRAND JURY CHARGES:

### Count 1
### (Trafficking in Contraband Cigarettes)

Between October 16, 2008, and September 10, 2009, in Monroe

County, within the Middle District of Pennsylvania, and

elsewhere, the defendants,

ALI ABADI,
MUTI AHMED ABDO-GUNID,
WALEED ABDULLAH,
IBRAHIM AHMAD,
MOHAMED AHMED,
MANSSOR ALBAHRI,
AHMAD ALDABESHEH,
AMMAR ALKAMEL,
ALEXANDER ALOMARI,
KHALID ALSHARI,
IBRAHIM ALTHNAIBAT
ZIYAD AWADALLAH,
RONALD E. BELL,
MOHAMED BENKHIYAR,
MOUSSA DIARRA,
MOHAMED O. ELMOCTAR,
ADIB ELROWMEIM,
RONALD EVERETT,
ANDRE FORD,
HAFID HAMOOD HAFEED,
MARK HAJDARI,
SADDECK HUSSEIN,
WAJEEH E. ISLEEM,
JOHN DOE A/K/A "ADAMA KANTE", A/K/A "ALI",
ALOU KEITA,
OPHELIA KEMP,
FIKRI Y. NAGI,
MOHAMED LEMINE OULD SIDI,
JOSE A. OVALLES,
ABDO QUSHI,
VERNON REESE,
NORMAN A. SAIF,
MOHAMED O. SALICK,
REGINALD VALTRIN,
RI Q. WU, and
XINSEN WU,

did knowingly ship, transport, receive, possess, distribute, and purchase contraband cigarettes, as that term is defined in Title 18, United States code, Section 2341, to wit: a quantity of more than 10,000 cigarettes which bore no evidence of the payment of the applicable state cigarette taxes, and did aid and abet same.

All in violation of Title 18, United States Code, Section 2342(a) and Section 2.

THE GRAND JURY FURTHER CHARGES:

### Count 2

(Criminal Conspiracy with Multiple Objectives to Traffic Contraband Cigarettes & Money Laundering)

Between, October 16, 2008, and September 10, 2009, in Monroe County, within the Middle District of Pennsylvania and elsewhere, the defendants,

ALI ABADI,
MUTI AHMED ABDO-GUNID,
WALEED ABDULLAH,
MOHAMED AHMED,
MANSSOR ALHBAHRI,
AMMAR AL KAMEL,
ALEXANDER ALOMARI,
KHALID ALSHARI,
MOHAMED EL MOCTAR,
ADIB ELROWMEIN,
HAFID HAMOOD HAFEED,
MARK HADJARI,
SADDECK HUSSEIN,
FIKRI Y. NAGI,
MOHAMED LEMINE OULD SIDI, and
ABDO QUSHI,

and others both known and unknown to the Grand Jury did intentionally and knowingly unlawfully combine, conspire, confederate, and agree with each other and with others both known and unknown to the Grand Jury:

(1) to knowingly ship, transport, receive, possess, distribute, and purchase contraband cigarettes, as that term is defined in Title 18, United States Code, Section 2341, to wit: a quantity of more than 10,000 cigarettes which bore no evidence of the payment of the applicable state cigarette taxes, in violation of Title 18, United States Code, Section 2341; and

(2) knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, as stated in the table in Count 5, which involved the proceeds of a specified unlawful activity, that is, trafficking in contraband cigarettes in violation of Title 18, United States Code, Section 2314, with the intent to promote the carrying on of specified unlawful activity, said financial transactions being the purchase of cigarettes without tax stamps using the proceeds from the sale of contraband cigarettes, in violation of Title 18, United States Code, Section 1956(a).

### MANNER AND MEANS

It was a part of the conspiracy that the defendants, New York residents, a state wherein the state taxing authority imposes a duty on each and every pack of cigarettes, at every level of sale from wholesale through retail, traveled to the state of Pennsylvania, a state wherein the sales tax is not imposed, to purchase large quantities of untaxed cigarettes. The untaxed cigarettes were transported to New York for distribution to various retail outlets. Proceeds derived from trafficking of contraband cigarettes were used to purchase additional contraband cigarettes so that the business of trafficking contraband cigarettes was profitable.

### OVERT ACTS

In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Middle District of Pennsylvania and elsewhere:

(1) ALI ABADI, MUTI AHMED ABDO-GUNID, WALEED ABDULLAH, MOHAMED AHMED, MANSSOR ALHBAHRI, AMMAR AL KAMEL, ALEXANDER ALOMARI, KHALID ALSHARI, MOHAMED EL MOCTAR, ADIB ELROWMEIN, HAFID HAMOOD HAFEED, MARK HADJARI, SADDECK HUSSEIN, FIKRI Y. NAGI, MOHAMED LEMINE OULD SIDI, ABDO QUSHI traveled from New York to Pennsylvania for the purpose of purchasing contraband cigarettes.

(2) While in Pennsylvania ALI ABADI, MUTI AHMED ABDO-GUNID, WALEED ABDULLAH, MOHAMED AHMED, MANSSOR ALHBAHRI, AMMAR AL KAMEL,

ALEXANDER ALOMARI, KHALID ALSHARI, MOHAMED EL MOCTAR, ADIB ELROWMEIN, HAFID HAMOOD HAFEED, MARK HADJARI, SADDECK HUSSEIN, FIKRI Y. NAGI, MOHAMED LEMINE OULD SIDI, ABDO QUSHI  purchased large quantities of contraband cigarettes.

(3) ALI ABADI, MUTI AHMED ABDO-GUNID, WALEED ABDULLAH, MOHAMED AHMED, MANSSOR ALHBAHRI, AMMAR AL KAMEL, ALEXANDER ALOMARI, KHALID ALSHARI, MOHAMED EL MOCTAR, ADIB ELROWMEIN, HAFID HAMOOD HAFEED, MARK HADJARI, SADDECK HUSSEIN, FIKRI Y. NAGI, MOHAMED LEMINE OULD SIDI, ABDO QUSHI then returned to New York with the contraband cigarettes and distributed the untaxed cigarettes to others in the business of cigarette sales.

(4) ALI ABADI, MUTI AHMED ABDO-GUNID, WALEED ABDULLAH, MOHAMED AHMED, MANSSOR ALHBAHRI, AMMAR AL KAMEL, ALEXANDER ALOMARI, KHALID ALSHARI, MOHAMED EL MOCTAR, ADIB ELROWMEIN, HAFID HAMOOD HAFEED, MARK HADJARI, SADDECK HUSSEIN, ALOU KEITA, FIKRI Y. NAGI, MOHAMED LEMINE OULD SIDI, ABDO QUSHI used proceeds derived from trafficking of contraband cigarettes to purchase additional contraband cigarettes so that the business of trafficking contraband cigarettes was profitable.

All in violation of Title 18, United States Code, Section 371.

THE GRAND JURY FURTHER CHARGES:

Count 3

(Criminal Conspiracy with Multiple Objectives to
Traffic Contraband Cigarettes & Money Laundering)

Between, October 16, 2008, and September 10, 2009, in Monroe
County, within the Middle District of Pennsylvania and elsewhere,
the defendants,

IBRAHIM ALTHNAIBAT
RONALD E. BELL,
MOHAMED BENKHIYAR,
MOUSSA DIARRA,
RONALD EVERETT,
ANDRE FORD,
JOHN DOE A/K/A  "ADAMA KANTE",A/K/A "ALI",
ALOU KEITA,
OPHELIA KEMP,
JOSE A. OVALLES,
VERNON REESE,
NORMAN SAIF,
MOHAMED SALICK,
REGINALD VALTRIN,
RI Q. WU, and
XINSEN WU

and others both known and unknown to the Grand Jury did
intentionally and knowingly unlawfully combine, conspire,
confederate, and agree with each other and with others both known
and unknown to the Grand Jury:

(1) to knowingly ship, transport, receive, possess,
distribute, and purchase contraband cigarettes, as that term is
defined in Title 18, United States code, Section 2341, to  wit:

a quantity of more than 10,000 cigarettes which bore no
evidence of the payment of the applicable state cigarette
taxes, in violation of Title 18, United States Code, Section
2341; and

(2) knowing that the property involved in a financial
transaction represented the proceeds of some form of unlawful
activity, did knowingly conduct and attempt to conduct financial
transactions affecting interstate and foreign commerce, as stated
in the table in Count 5, which involved the proceeds of a
specified unlawful activity, that is, trafficking in contraband
cigarettes in violation of Title 18, United States Code, Section
2314, with the intent to promote the carrying on of specified
unlawful activity,  said financial transactions being the
purchase of cigarettes without tax stamps using the proceeds from
the sale of contraband cigarettes, in violation of Title 18,
United States Code, Section 1956(a).

### MANNER AND MEANS

It was a part of the conspiracy that the defendants, New
York residents, a state wherein the state taxing authority
imposes a duty on each and every pack of cigarettes, at every
level of sale from wholesale through retail, traveled to the
state of Pennsylvania, a state wherein the sales tax is not
imposed, to purchase large quantities of untaxed cigarettes.  The
untaxed cigarettes were transported to New York for distribution
to various retail outlets. Proceeds derived from trafficking of

contraband cigarettes were used to purchase additional contraband cigarettes so that the business of trafficking contraband cigarettes was profitable.

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Middle District of Pennsylvania and elsewhere:

(1) IBRAHIM ALTHNAIBAT,                    ., MOHAMED BENKHIYAR, MOUSSA DIARRA, RONALD EVERETT, ANDRE FORD, JOHN DOE A/K/A "ADAMA KANTE", A/K/A "ALI", ALOU KEITA, OPHELIA KEMP, JOSE A. OVALLES, VERNON REESE, NORMAN SAIF, MOHAMED SALICK, REGINALD VALTRIN, RI Q. WU, XINSEN WU  traveled from New York to Pennsylvania for the purpose of purchasing contraband cigarettes.

(2)  While in Pennsylvania, IBRAHIM ALTHNAIBAT,

MOHAMED BENKHIYAR, MOUSSA DIARRA, RONALD EVERETT, ANDRE FORD, JOHN DOE A/K/A "ADAMA KANTE", A/K/A "ALI", ALOU KEITA, OPHELIA KEMP, JOSE A. OVALLES, VERNON REESE, NORMAN SAIF, MOHAMED SALICK, REGINALD VALTRIN, RI Q. WU, XINSEN WU, purchased large quantities of contraband cigarettes.

(3) IBRAHIM ALTHNAIBAT,                    MOHAMED BENKHIYAR, MOUSSA DIARRA, RONALD EVERETT, ANDRE FORD, JOHN DOE A/K/A "ADAMA KANTE", A/K/A "ALI", ALOU KEITA, OPHELIA KEMP, JOSE A. OVALLES, VERNON REESE, NORMAN SAIF, MOHAMED SALICK, REGINALD VALTRIN, RI Q. WU, XINSEN WU then returned to New York with the contraband

cigarettes and distributed the untaxed cigarettes to others in the business of cigarette sales.

(4) IBRAHIM ALTHNAIBAT, RONALD E. BELL, MOHAMED BENKHIYAR, MOUSSA DIARRA, RONALD EVERETT, ANDRE FORD, JOHN DOE A/K/A "ADAMA KANTE",A/K/A "ALI", ALOU KEITA, OPHELIA KEMP, JOSE A. OVALLES, VERNON REESE, NORMAN SAIF, MOHAMED SALICK, REGINALD VALTRIN, RI Q. WU, XINSEN WU used proceeds derived from trafficking of contraband cigarettes to purchase additional contraband cigarettes so that the business of trafficking contraband cigarettes was profitable.

All in violation of Title 18, United States Code, Section 371.

THE GRAND JURY FURTHER CHARGES:

### Count 4

(Criminal Conspiracy with Multiple Objectives to Traffic Contraband Cigarettes & Money Laundering)

Between, October 16, 2008, and September 10, 2009, in Monroe County, within the Middle District of Pennsylvania and elsewhere, the defendants,

IBRAHIM AHMAD,
ZIYAD AWADALLAH,
and
AHMAD A. ALDABESHEH

and others both known and unknown to the Grand Jury did intentionally and knowingly unlawfully combine, conspire, confederate, and agree with each other and with others both known and unknown to the Grand Jury:

(1) to knowingly ship, transport, receive, possess, distribute, and purchase contraband cigarettes, as that term is defined in Title 18, United States code, Section 2341, to wit: a quantity of more than 10,000 cigarettes which bore no evidence of the payment of the applicable state cigarette taxes, in violation of Title 18, United States Code, Section 2341; and

(2) knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, as stated in the table in Count 5, which involved the proceeds of a specified unlawful activity, that is, trafficking in contraband cigarettes in violation of Title 18, United States Code, Section 2314, with the intent to promote the carrying on of specified unlawful activity, said financial transactions being the purchase of cigarettes without tax stamps using the proceeds from the sale of contraband cigarettes, and did aid and abet others in doing so, in violation of Title 18, United States Code, Section 1956(a).

## MANNER AND MEANS

It was a part of the conspiracy that the defendants, New York residents, a state wherein the state taxing authority imposes a duty on each and every pack of cigarettes, at every level of sale from wholesale through retail, traveled to the

state of Pennsylvania, a state wherein the sales tax is not imposed, to purchase large quantities of untaxed cigarettes. The untaxed cigarettes were transported to New York for distribution to various retail outlets. Proceeds derived from trafficking of contraband cigarettes were used to purchase additional contraband cigarettes so that the business of trafficking contraband cigarettes was profitable.

### OVERT ACTS

In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Middle District of Pennsylvania and elsewhere:

(1) IBRAHIM AHMAD and ZIYAD AWADALLAH  traveled from New York to Pennsylvania for the purpose of purchasing contraband cigarettes.

(2) While in Pennsylvania IBRAHIM AHMAD and ZIYAD AWADALLAH purchased large quantities of contraband cigarettes.

(3) IBRAHIM AHMAD and ZIYAD AWADALLAH  then returned to New York with the contraband cigarettes and distributed the untaxed cigarettes to others in the business of cigarette sales.

(4) AHMAD A. ALDABESHEH rented the vehicle used by IBRAHIM AHMAD and AWADALLAH to travel to Pennsylvania and elsewhere for the purchase and transportation of contraband cigarettes.

(5) AHMAD A. ALDABESHEH placed orders with the operators of the warehouse for contraband cigarettes that were subsequently

purchase and received by IBRAHIM AHMAD and AWADALLAH.

(6) IBRAHIM AHMAD, ZIYAD AWADALLAH and AMAD A. ALDBESHEH used proceeds derived from trafficking of contraband cigarettes to purchase additional contraband cigarettes so that the business of trafficking contraband cigarettes was profitable.

THE GRAND JURY FURTHER CHARGES:

### Count 5 through Count 34
### (Money Laundering)

In each of these counts, between October 16, 2008, and September 17, 2009, in Monroe County, within the Middle District of Pennsylvania and elsewhere, the defendants knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, did knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, as stated in the table below, which involved the proceeds of a specified unlawful activity, that is, trafficking in contraband cigarettes in violation of Title 18, United States Code, Section 2314, with the intent to promote the carrying on of specified unlawful activity, said financial transactions being the purchase of cigarettes without tax stamps using the proceeds from the sale of contraband cigarettes, and did aid and abet others in doing so.

| Count | Dates | Defendant | Cartons of Unstamped Cigarettes | Sale of Non-Taxed Cigarettes Amount |
|-------|-------|-----------|--------------------------------|-------------------------------------|
| 5 | 1/9/2009 – 9/10/2009 | ABDO QUSHI & ADIB ELROWMEIM | 63,090 | $2,280,340 |
| 6 | 2/12/2009 – 7/16/2009 | MOHAMED AHMED | 24,060 | $908,580.00 |
| 7 | 10/16/08 – 9/3/2009 | MANSSOR ALBAHRI | 37,790 | $1,168,759.00 |
| 8 | 10/16/2008 – 7/30/2009 | ALEXANDER ALOMARI | 5,280 | $199,560 |
| 9 | 10/16/2008 – 2/26/2009 | JOHN DOE A/K/A "ADAMA KANTE", A/K/A" ALI" | 11,220 | $352,220.00 |
| 10 | 7/23/2009 – 9/10/2009 | ALI ABADI | 3,900 | $149,190.00 |
| 11 | 3/12/2009 – 9/10/2009 | ALOU KEITA & MOHAMED O. SALICK | 4,590 | $180,440.00 |
| 12 | 3/12/2009 – 7/30/2009 | AMMAR AL KAMEL | 4,440 | $169,380.00 |
| 13 | 5/21/2009 – 9/10/2009 | ANDRE FORD | 3,750 | $134,890.00 |
| 14 | 11/6/2009 – 3/12/2009 | FIKRI NAGI | 8,280 | $250,810.00 |
| 15 | 11/6/2008 – 4/2/2009 | HAFID HAFEED | 3,900 | $132,720.00 |
| 16 | 6/17/2009 – 9/10/2009 | IBRAHIM AHMAD | 13,830 | $507,000.00 |
| 17 | 6/10/2009 – 9/10/2009 | IBRAHIM ALTHNAIBAT | 17,760 | $676,240.00 |
| 18 | 6/4/2009 – 8/27/2009 | JOSE OVALLES | 3,780 | $140,400.00 |
| 19 | 3/6/2009 – | KHALID ALSHARI | 5,160 | $194,880.00 |

| | 6/25/2009 | | | |
|---|---|---|---|---|
| 20 | 4/9/2009-5/7/2009 | MARK HADJARI | 600 | $22,200.00 |
| 21 | 3/19/2009-8/27/2009 | MOHAMED BENKHIYAR | 4,080 | $154,440.00 |
| 22 | 5/21/2009-6/25/2009 | MOHAMED EL MOCTAR | 5610 | $210,130.00 |
| 23 | 5/21/2009-8/13/2009 | MUTI AHMED ABDO-GUNID | 7,680 | $279,790.00 |
| 24 | 4/29/2009-6/25/2009 | NORMAN SAIF | 8,760 | $342,900.00 |
| 25 | 12/14/2008-9/10/2009 | OPHELIA KEMP | 8,640 | $310,140.00 |
| 26 | 5/7/2009-5/28/2009 | OULD MOHAMED-LEMINE | 2,280 | $88,320.00 |
| 27 | 3/12/2009-8/13/2009 | REGINALD VALTRAN | 2,370 | $80,820.00 |
| 28 | 2/26/2009-8/13/2009 | RI QIANG WU | 18,390 | $698,250.00 |
| 29 | 1/31/2009-9/10/2009 | RONALD EVERETT | 19,620 | $669,600.00 |
| 30 | 10/23/2008-3/12/2009 | SADDEK HUSSEIN | 5,880 | $188,700.00 |
| 31 | 3/12//2009-8/5/2009 | VERNON REESE | 13,110 | $470,160.00 |
| 32 | 7/20/2009-8/27/2009 | WALEED ABDULLA | 3,300 | $123,610.00 |
| 33 | 6/10/2009-9/3/2009 | ZIYAD AWADALLAH & AMAD ALDABESHEH | 300 | $23,400.00 |
| 34 | 12/03/2008-2/06/2009 | MOUSSA DIARRA | 5,280 | 161,640.00 |
| TOTAL | | | 316,820 | $11,332,809.00 |

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) and Section 2.

~~THE GRAND JURY FURTHER CHARGES:~~

### COUNT 35
### Forfeiture (18 USC §§ 981, 982)

The Grand Jury hereby incorporates by reference the allegations contained in paragraphs 1 through 34, *supra* for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(c) and 28 U.S.C. 2461 and 982(a)(1). Upon conviction of any of the offenses alleged in Counts 1-34 of this Indictment, the Defendants,

ALI ABADI,

MUTI AHMED ABDO-GUNID,

WALEED ABDULLAH,

MOHAMED AHMED,

MANSSOR ALHBAHRI,

AMMAR AL KAMEL,

ALEXANDER ALOMARI,

KHALID ALSHARI,

MOHAMED EL MOCTAR,

ADIB ELROWMEIN,

HAFID HAMOOD HAFEED,

MARK HADJARI,

SADDECK HUSSEIN,

ALOU KEITA,

FIKRI Y. NAGI,

MOHAMED LEMINE OULD SIDI,

ABDO QUSHI

IBRAHIM AHMAD,

IBRAHIM ALTHNAIBAT,

RONALD E. BELL,

MOHAMED BENKHIYAR,

MOUSSA DIARRA,

RONALD EVERETT,

ANDRE FORD,

JOHN DOE A/K/A  "ADAMA KANTE", A/K/A "ALI"

OPHELIA KEMP,

JOSE A. OVALLES,

VERNON REESE,

NORMAN SAIF,

MOHAMED SALICK,

REGINALD VALTRIN,

RI Q. WU, and

XINSEN WU

AHMAD ALDABESHEH

WAJEEH ISLEEM

IBRAHIM AHMAD

shall forfeit to the United States, pursuant to Title 18, United

States Code, Section 981(a)(1)(C), Title 18, United States Code,

Section 982 and Title 28, United States Code, 2461, relating to

violations of the Contraband Cigarette Trafficking Act, 18 U.S.C.

§ 2342 and relating to Money Laundering, 18 U.S.C. § 1956 any

property, real or personal, used in the facilitation of the

aforesaid offenses or constituting or derived from proceeds

obtained directly or indirectly, as a result of the said

violation of the aforesaid offenses, including but not limited to the following:

    (a)   One 2004 Cadillac Escalade, NJ Reg.#OL2406G, VIN 3GYFK66N64G286376 (Hafid Hafeed);

    (b)   One 2007 Lexus GS 350, PA Reg.# HGY-8304, VIN JTHBE96SX70011989 (Ammar Alkamel);

    (C)   One 2004 Dodge Stratus ES, MD Reg.# 7ERP57, VIN 1B3EL56R04N326245 (Reginald Valtrin);

    (d)   One 2004 Honda Odyssey, NY Reg.#DLU-6405, VIN 5FNRL189X4B045980 (Abdo Qushi & Adib Elrowmeim);

    (e)   One 2005 Toyota Sienna, TN Reg.#374-JLJ, VIN 5TDZA23C25S338896 (Khalid Alshari);

    (f)   One 2006 Dodge Magnum, NY#GNR-8642, VIN 2D4FV47VX6H191583 (Aiou Keita and John Doe a/k/a Adama Kante);

    (g)   One 2006 Ford F-150, NY Reg.#83745-JY, VIN 1FTVX14536NA67085 (Ibrahim Althnaibat and Norman Saif).

    (h)   Defendants, ALI ABADI, MUTI AHMED ABDO-GUNID, WALEED ABDULLAH, MOHAMED AHMED, MANSSOR ALHBAHRI, AMMAR AL KAMEL, ALEXANDER ALOMARI, KHALID ALSHARI, MOHAMED EL MOCTAR, ADIB ELROWMEIN, HAFID HAMOOD HAFEED, MARK HADJARI, SADDECK HUSSEIN, FIKRI Y. NAGI, MOHAMED LEMINE OULD SIDI, ABDO QUSHI, shall forfeit United States currency in the amount of approximately $2,977,855.00 and all interest and proceeds traceable thereto, in that such sum in the aggregate is property which was involved in

the aforestated offenses and is traceable to such property in violation of Title 18, United States Code, Section 1956 and Section 2342.

(i) Defendants, IBBRAHIM AHMAD, IBRAHIM ALTHNAIBAT, RONALD E. BELL, MOHAMED BENKHIYAR, MOUSSA DIARRA, RONALD EVERETT, ANDRE FORD, JOHN DOE A/K/A "ADAMA KANTE", A/K/A "ALI" ALOU KEITA, OPHELIA KEMP, JOSE A. OVALLES, VERNON REESE, NORMAN SAIF, MOHAMED SALICK, REGINALD VALTRIN, RI Q. WU, XINSEN WU shall forfeit United States currency in the amount of approximately $2,705,175.00 and all interest and proceeds traceable thereto, in that such sum in the aggregate is property which was involved in the aforestated offenses and is traceable to such property in violation of Title 18, United States Code, Section 1956 and Section 2342.

(j) Defendants, IBRAHIM AHMAD, ZIYAD AWADALLAH and AHMAD A. ALDABESHEH shall forfeit United States currency in the amount of approximately $375,825.00 and all interest and proceeds traceable thereto, in that such sum in the aggregate is property which was involved in the aforestated offenses and is traceable to such property in violation of Title 18, United States Code, Section 1956 and Section 2342.

(k) Defendant, WAJEEH ISLEEM, shall forfeit United States currency in the amount of approximately $6,075.00 and all interest and proceeds traceable thereto, in that such sum in the aggregate is property which was involved in the aforestated

offenses and is traceable to such property in violation of Title 18, United States Code, Section 1956 and Section 2342.

In violation of Title 18, United States Code, Sections 981, 982.

A TRUE BILL

FOREPERSON

DATE    3/23/10

DENNIS C. PFANNENSCHMIDT
UNITED STATES ATTORNEY